Pearson, J.
 

 We do not concur with his Honor in his opin ion, either in respect to thetdeed, or the will.
 
 As to the deed,
 
 the objection is tire want of proof that it had been duly proven and ordered to be registered.
 

 The proof is: the original deed is lost. In 1813, the courthouse of Montgomery was burnt, together with all the books and papers belonging to the clerk’s office, aftd also, those of the register’s office. A paper certified to by James M. Lilly, register of the county of Montgomery, which purports to be the copy of a deed that had been duly registered by him from J. K. Carson to William Thornton. This copy and certificate were made many years before the court-house was burnt, and James M. Lilly swears that at the date of the deed (viz., in 1811) he was the register of that county, and has been so ever since, and that no deed was ever registered unless the same had been properly proven, during the time that he has been register.
 

 It is said for the defendant, “ that there is no evidence that the original deed had been duly proven and the probate ought to have been registered and constituted a part of the register’s certificate, so that the Court, and not the register, should judge that the same had been duly proven.”
 

 In reply to the second position taken in this exception, it is
 
 *118
 
 enough to say, there is no Statute which requires the register to put on his books or which authorises him to' give a certificate in regard to the probate of deeds executed by a party resident in this State. When the party resides abroad, or when a commission issues to take the examination of the subscribing witness who resides out of the State, there is a provision in these words: “ whereon snch
 
 decti/mus
 
 and
 
 certificate
 
 of
 
 probate
 
 and
 
 aclmoioledgment,
 
 and the deed itself, shall be admitted to registration, &c.;” but the general provision is, “ that no conveyance of land shall be valid, unless it be acknowledged by the grantor or proved upon oath,
 
 either
 
 before one of the Judges of the Supreme Court, or of the Superior Court, or in the Court of the county where the land lieth, and registered by the public register of the county,” &c.
 

 Tire main purpose for which registration is required, is to give
 
 notoriety
 
 to the transfer, in liqu of £hat given at common law by a feofment and livery of seizin. A secondary purpose seems to have been, to aid the party in case the original deed, after being registered, should happen to be lost; but whether it may be- deemed a
 
 casus
 
 omissus, or from whatever other cause, so it is, that the Statute does not require the fact of probate to be registered.
 

 The regular course is, when a deed is proven or acknowledged in the County Court, to make an entry of the fact in the minutes, and for the clerk, by the way of identifying the deed, to endorse on it
 
 “
 
 proved and ordered to be registered;” but there is no Statute which requires the register to put this endorsement on his books ; and if the original be lost, we suppose the most plenary proof would be a certified copy from the register, and also a certificate of the clerk of the County Court, that the deed had been proved and ordered to be registered. When the deed has been proved before a Judge of the Supreme or Superior Court, he enters his certificate of probate and fiat for registration on the deed, but there is no Statute requiring the register to put this certificate of probate and fiat for registration upon his books; and there is no provision, by which, in the event of the loss or destruction of the
 
 *119
 
 original deed, upon which, this certificate of probate and fiat for registration are entered by the Judge, secondary evidence .can be offered, except upon the principles of the common law, the most prominent of which in regard to this subject is,
 
 omnia prceswnuntur rita acta.
 

 Tlfe first position taken in the exception was not so easily disposed of, but, after much consideration, we have come to the conclusion that the proof set out above, with the aid of the maxim
 
 omnia ynxestomuntwr,
 
 &c., is sufficient to show that the original deed had been “ duly proven and ordered to be registered.” Erom the fact of its having been registered, and the oath of James M. Lilly, who, fortunately for the plaintiff, has been register duringjJhe whole time, we think there is a clear presumption (the loss of the original deed being satisfactorily established) that it was proved and ordered to be registered.
 

 If this probate and fiat was done in the County Court, the absence of proof as to it, is fully accounted for by the fact of the burning of the court-house in 1843. If the probate and fiat was done before the Judge, the absence-of proof as to it is fully accounted for by proof of the loss, or destruction, of the original deed; so, taking it either way, we are at liberty to presume that the County Court, or the Judge before whom the deed wuis proven, and by whom it was ordered to be registered,
 
 did the thing rightly ;
 
 on the same principle that when a subscribing witness is dead, proof of his hand writing authorises a presumption that the deed was duly signed, sealed and delivered in his presence, otherwise he would not have signed his name as a witness; and by the way of analogy, we refer to
 
 Joiner
 
 v. Falconer, 2 Ire. Eq. 386;
 
 Etheridge
 
 v.
 
 Fer
 
 ribee, 9 Ire. 312;
 
 Beckwith
 
 v.
 
 Lumb,
 
 13 Ire. 400, by which it will appear that the maxim has been acted on more liberally of late years, than in some of the old cases, and the rule now is to uphold the maxim
 
 “ ut res magis valeat guam pereat”
 
 by the aid of the maxim
 
 omnia prwswmmtur,
 
 &c.
 

 ELs
 
 to the will:
 
 the schedule of property therein alluded to, is not annexed or referred to, so as to form a part of the in
 
 *120
 
 strument. The testator gives to his wife, who is one of the lessors, and to his mother-in-law, the
 
 whole
 
 of his estate, real, personal and mixed, so that there can be no question, if he owned the land now sued for, that it was included in the devise, and the schedule is mentioned, not as restricting his gift, but simply by way of reference or information for the benefit of the devisees.
 

 Per Curiam.
 

 Judgment reversed and a
 
 venire de novo
 
 awarded.